**Charles LAMB et ux., Plaintiffs,**

v.

**JONES WHOLESALE COMPANY, INC.,
et al., Defendants.**

**No. CIV–2–76–144.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 17, 1978.

Joe A. Tilson and H. Scott Reams, Taylor, Tilson, Inman & Reams, Morristown, Tenn., for plaintiffs.

Donald B. Oakley, Morristown, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The jury herein awarded the plaintiff Mr. Charles R. Lamb damages of $50,000 and his wife, the plaintiff Mrs. Faye Lamb, damages of $15,000. See judgment herein of April 3, 1978. The defendants moved timely for a new trial, Rules 59(a), (b), Federal Rules of Civil Procedure.

The Court conducted an evidentiary hearing on the misconduct of a member of the jury, alleged by the defendants as a ground for a new trial herein, on April 28, 1978. The Court FINDS there was no such misconduct and hereby OVERRULES such motion upon that ground.

The defendants claim also that the foregoing awards of the jurors of damages herein are so excessive as to indicate passion, prejudice and caprice on their part. As to the award to the plaintiff Mr. Lamb, such motion, upon that ground, lacks merit and hereby is OVERRULED.

Mrs. Lamb claimed damages for her loss of consortium and the services of her husband. She offered no evidence relating to any loss of consortium; the extent of her evidence as to loss of his services related to her loss of her husband's services in mowing the grass and gardening at their family home and in driving the family automobile, and she offered no evidence of the monetary value to her * of those services.

■ Mrs. Lamb was entitled to an award of damages for the loss of her husband's services only because " * * * loss of services is a part of the loss of consortium. * * * " *Manning v. Mobile Aerial Tower, Inc.,* D.C.Tenn. (1972), 359 F.Supp. 211, 213[4], affirmed as to this claim *sub nom. Manning v. Altec, Inc.,* C.A.6th (1973), 488 F.2d 127. And, Mrs. Lamb must have proven her loss of her co-plaintiff's services. *Idem.*

---

* Mrs. Lamb was not entitled, of course, to recover any monetary value to Mr. Lamb of his services along these lines.

The loss Mrs. Lamb sustained in this connection could not have been a large one in monetary terms, and certainly it could not be as much as $15,000. Accordingly, a remittitur is suggested.

" * * * [T]he correct standard for determining the excessiveness of a verdict is '. . . the amount which, under the evidence in the case, was the maximum that the jury reasonably could be found compensatory for the appellant's loss.' * * * " *Manning v. Altec, Inc., supra,* 488 F.2d at 132. The outer limits of the maximum range of the result of the inferences which the jury might have drawn from the evidence supporting Mrs. Lamb's claim is believed by the Court to have been $3,000. *Cf., ibid.,* 488 F.2d at 133[8]. Accordingly, it hereby is

ORDERED that a new trial on the issue of the damages of the plaintiff Mrs. Faye Lamb will be granted, unless within 30 days herefrom she shall produce and file in the office of the clerk of this Court at Greeneville, Tennessee a remittitur of $12,000 of the damages awarded her by the jury herein. In case of such remittitur, the defendants' motion for a new trial on the ground of the excessiveness of the verdict of the jury is denied.